

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOHN ALBERT ANANICH II | **Superior Court Case No. SP0193-20** |
| Petitioners, | |
| vs. | **DECISION AND ORDER** |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES | |
| GOVERNMENT OF GUAM, | |
| Respondents. | |

Upon the conclusion of the evidentiary hearing on October 23, 2020, the Court issued a ruling from the bench in favor of Petitioner John Albert Ananich II. The Court found Ananich posed no substantial risk of transmitting COVID-19 because of evidence that he was infected and recovered within the previous three months. *See* 10 GCA § 19604(b)(5).

## I.    PROCEDURAL BACKGROUND

On October 22, 2020, Ananich petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e) and (l), 8 GCA § 135.10, 7 GCA § 30201, 7 GCA. § 20301, and Chapter 19 of Title 10 Guam Code Annotated. On October 23, 2020, the Court held a hearing on an Order to Show Cause issued to Respondent Department of Public Health and Social Services ("DPHSS"). DPHSS called Ananich to testify. The Court also incorporated evidence presented at a consolidated hearing involving related cases, including *Ikei v. DPHSS*, SP0138-20. The Court

ORIGINAL

therefore incorporates testimony and evidence heard before the Court on September 17-19, 22-26, and 28-30, and October 1-3, 2020.

## II. FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1. Ananich is a resident of Guam.

2. On August 17, 2020, as part of a large-scale community testing effort, DPHSS tested Ananich for COVID-19. Approximately ten days later, DPHSS informed Ananich that he tested positive for the virus. DPHSS did not provide Ananich a hard copy of the test result.

3. After DPHSS informed him of the positive test result, Ananich isolated at home and fully recovered. Ananich claims that he has not experienced any COVID-19 symptoms since recovering from the virus.

4. On October 13, 2020, Ananich arrived in Guam after a trip to Las Vegas, with transit through California and Hawaii.

5. Upon arrival, DPHSS presented Ananich with a voluntary acknowledgement form without explaining whether he could refuse to sign and if so, what the procedures would be in the alternative.

6. Ananich signed the Voluntary Acknowledgement Form, but claims that if he knew that had other options, he would have refused to sign.

7. DPHSS then transported Ananich to the Dusit Thani, a government quarantine facility, for a 14-day quarantine.

8. Ananich testified that he refused a test on or about the sixth day in government facility quarantine due to fear of a false positive.

ORIGINAL

9. Ananich testified that he has a six bedroom house in Dededo that is suitable for home quarantine.

## III.   LAW AND DISCUSSION

Ananich argues that Respondents failed to undertake quarantine in strict compliance with 10 G.C.A. 19605(a) or (b) and, for that reason, his continued quarantine in a government facility is extralegal and therefore void.   Specifically, Ananich contends that DPHSS did not issue him a written directive upon quarantining him, as required by section 19605(a)(1), and that under section 19604(b)(4) he does not pose a substantial risk of transmitting COVID-19 because he contracted and recovered from COVID-19 within the last three months.

In regards to DPHSS's failure to provide Ananich a written directive, the Court has twice ruled in a related case that the government quarantine that has occurred since late August 2020 was mandatory and that DPHSS was required to adhere to the due process protections afforded by section 19605, including issuing directives upon quarantining individuals pursuant to section 19605(a) or petitioning the Court to quarantine incoming travelers under section 19605(b). *See Igros v. DPHSS*, SP0127-20 (Findings Of Fact and Concls. Of Law, Sep. 12, 2020); *id.* (Dec. and Order re Mot. Reconsideration (Oct. 15, 2020)).[1]   Since DPHSS failed to issue Ananich a written directive upon quarantining him, DPHSS failed to comply with Guam law governing mandatory quarantine. DPHSS failed to adequately inform Ananich of the nature of his quarantine, his rights to challenge the quarantine, or his right to court-appointed counsel. *See also Ikei v. DPHSS*, SP0138-20 (Findings of Fact and Concls. of Law at 24 (Oct. 27, 2020)).

Next, the Court turns to whether the evidence presented establishes that he contracted COVID-19 within the last three months, and, under section 19604(b)(4), whether he poses a

---

[1] DPHSS has not argued or presented evidence before this Court that its quarantine procedures have changed since the Court issued its rulings in *Igros*.



substantial risk of transmitting COVID-19. The Court recently addressed this issue in *Ikei*, SP0138-20. In the course of that case, DPHSS released two of five members of the Ikei family from home quarantine because they presented evidence of a positive COVID-19 test from the preceding three months and displayed no symptoms. In doing so, DPHSS determined that the individuals did not pose a substantial risk of transmitting COVID-19. This determination was also supported by the scientific evidence presented at the consolidated hearing which indicated that individuals who have recovered from COVID-19 within three months are much less likely to be reinfected. *See Ikei*, SP0138-20 (Findings of Fact and Concls. of Law at 5).

Here, DPHSS does not dispute that it tested Ananich in August 2020, he received a positive COVID-19 test result, and he has since recovered from the virus. Accordingly, the Court is satisfied that Ananich contracted COVID-19 within the previous three months and credits his testimony that, as of the hearing date, he has not experienced COVID-19 symptoms since recovering. As the evidence in *Ikei* indicates, Ananich has little to no chance to be reinfected. Since he agreed to quarantine at his residential location, the Court concludes that Ananich does not pose a substantial risk of transmitting COVID-19 to others, pursuant to 19604(b)(4).

The Court also notes its finding in *Ikei* that "Asymptomatic persons who refuse to test have a less restrictive alternative, that is, a home assessment and a transfer to home quarantine by or before the tenth day when they are substantially less likely to spread an infection." *Ikei*, SP0138-20 (Findings of Fact and Concls. of Law at 2). Here, since Ananich was on his tenth day of government facility quarantine, displayed no symptoms, and testified as to the sufficiency of his home, he no longer posed a substantial risk of transmitting COVID-19 and keeping him in

ORIGINAL

the government facility beyond day 10 would not have been the least restrictive means. *See Ikei*, SP0138-20 (Findings of Fact and Concls. of Law at 23).

## IV. CONCLUSION AND ORDER

Ananich stipulated to quarantine at home for the remainder of his fourteen-day quarantine. Accordingly, DPHSS is ORDERED to transfer John Albert Ananich II to home quarantine as it violated section 19605(a) in not issuing Ananich a written directive upon quarantining him and it violated section 19604(b)(4) in continuing to quarantine him in a government facility after he failed to be a substantial risk of transmitting COVID-19.

SO ORDERED this 12th day of November 2020 nunc pro tunc to 23 October 2020.

_____
**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Assistant Public Defender John Morrison, Public Defender Services Corporation, for Petitioner
       John Albert Ananich II
Assistant Attorneys General Joseph A. Perez and Janice M. Camacho for Respondent
       Department of Public Health and Social Services


ORIGINAL